[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17341
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00162-ODE-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FIDEL MAGANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 9, 2017)

Before ED CARNES, Chief Judge, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Jose Magana pleaded guilty to unlawfully reentering the United States after deportation, and he now appeals the district court's 38-month sentence as substantively unreasonable.

Magana is a Mexican citizen who entered the country as a lawful permanent resident in 1987. In January 1991 he pleaded guilty in Georgia state court to enticing a child for indecent purposes, child molestation, and two counts of aggravated child molestation. He was sentenced to 15 years, with eight years in prison and the remainder on probation. He was paroled in October 1993. In 2000 an immigration judge ordered him removed based on the 1991 convictions and he was deported. He then reentered the country illegally in 2001, was arrested in 2016, and pleaded guilty to one count of unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

Magana's guidelines range was 24–30 months in prison, which factored in the 1991 convictions for his total offense level (he received a ten-level enhancement from the base offense level because of the convictions) and his criminal history category of III (he received five points for the convictions). The district court decided to depart upward and sentence Magana to 38 months in prison because he served less than three years for the 1991 convictions. See United States Sentencing Guidelines Manual § 2L1.2 cmt. n.5 (Nov. 2016) ("There may be cases in which the offense level provided by an enhancement [based on a

2

prior conviction] substantially understates or overstates the seriousness of the conduct underlying the prior offense, because . . . the time actually served was substantially less than the length of the sentence imposed for the prior offense.  In such a case, a departure may be warranted.").  The district court overruled Magana's objection that the 38-month sentence was substantively unreasonable.  This is Magana's appeal.

We review the reasonableness of a sentence only for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).  The district court must consider the factors set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," deterrence, public safety, punishment, respect for the law, and the seriousness of the offense.  Id. at 1189.  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  Id. (quotation marks omitted).

Magana contends that the district court abused its discretion because his sentence is greater than necessary to achieve the purposes of § 3553(a).  His argument rests on the false premise that § 3553(a) embodies only a "parsimony principle" that a sentence not be greater than necessary to promote the purposes of

3

§ 3553(a).  See id. at 1196–97.  As we have explained, the statute requires not only that a sentencing court "be stingy enough to avoid [a sentence] that is too long, but also that it be generous enough to avoid one that is too short."  Id. at 1197.  The district court obeyed that command in sentencing Magana.  It took into account Magana's age (63 years old) and the length of time between the 1991 convictions and the unlawful reentry offense.  But the district court also took into account the fact that Magana had served less than three years of a 15-year sentence for the 1991 child sex convictions.  Although Magana is correct that his guidelines range already factored in his 1991 convictions, a district court may depart from the guidelines range if the "time actually served was substantially less than the length of the sentence imposed for the prior offense."  U.S.S.G. § 2L1.2 cmt. n.5.  The district court stated that it had considered a lower sentence, but determined that 38 months was appropriate in light of Magana's short prison stint for his earlier child sex convictions, an extremely serious offense.[1]  The district court did not unreasonably balance the § 3553(a) factors by emphasizing the need to punish

---

[1] Two days after the sentence hearing, the district judge issued an order clarifying that its sentence relied primarily on punishment and the need to deter Magana from reentering the United States.  The government submitted that order as a supplemental appendix, and Magana has filed a motion to strike the supplemental appendix on the grounds that the order violates due process and several Federal Rules of Criminal Procedure.  But the district court did not have to "state on the record that it [] explicitly considered each factor," as an "acknowledgement by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice."  United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).  The court considered Magana's arguments and the § 3553(a) factors.  The clarifying order is not necessary to assess the substantive reasonableness of Magana's sentence.  As a result, Magana's motion to strike is **DENIED**.

Magana for that offense.  We cannot say that the district court committed "a clear error in judgment" in imposing a 38-month sentence.  Irey, 612 F.3d at 1189.

**AFFIRMED**.